**1: CV-01-0037**

RECEIVED
HARRISBURG, PA

DEC 13 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARY E. D'ANDREA, CLERK
Per _____

```
GLADWIN WILSON              :
      Petitioner,           :
                            :
                            :
  v.                        :       CIVIL ACTION No_____
                            :
                            :                FILED
JANET RENO,                 :              SCRANTON
ATTORNEY GENERAL            :
      Respondent.           :             JAN 1 0 2001
                            :
                            :            PER _____
```

### PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO TITLE 28 U.S.C. §2241 AND COMPLAINT FOR INJUNCTIVE RELIEF.

The petition for a writ of habeas corpus and complaint for declaratory and injunctive relief of Gladwin Wilson, petitioner, allege that his continue detention by the Immigration and Naturalization Service violates his right to due process and to the rights guaranteed petitioner by the first ten Amendments to the United States Constitution, and all other rights not hereinbefore enumerated, and that his detention manifested a failure of justice.

Petitioner Gladwin Wilson has no other adequate legal remedy available to contest his continued detention by the INS, unless a declaratory and injunctive relief and said writ of habeas corpus shall issue, an injustice and cause of prejudice would be inherent to petitioner.

petitioner states that he his a layman at law, therefore, he relies upon excusable errors pro se, pleading this court will hold this petition to less stringent standards that formal pleadings drafts lawyers pursuant to <u>Haines v. Kerner</u>, 404 U.S. S.Ct. 954(1972) cited <u>Hughs v. Rowe</u>, 449 U.S. 5, 101 S.Ct. 173, 176 (1980).

FACTUAL BACKGROUND:

Petitioner Gladwin Wilson, filed a joint petition for writ of habeas corpus, Civil Action 1: CV-00-0070, however, by order of the court dated September 27, 2000, petitioner's case was mooted because the joint petitioner was filed in contest of the mandatory detention provision of 8 U.S.C. § 1226(c), INA § 236(c). Petitioner now file this petition asserting that his detention is unconstitutional because the INS have refused to release him based on "grudging and perfunctory" review process that does not comport with the review process enunciated in Chi Thon Ngo v. INS, 192 F. 3d 390 (3d. Cir. 1999).

Petitioner contend that his subtantive due process right is being violated by the Immigration and Naturalization Service, by refusing to release him from continued detention. Petitioner assert that the INS disregarded the Third Circuit Court of Appeals holding in Ngo, supra, by performing a "grudging and perfunctory" review of petitioner's custody determination, thus, his continued-detention when the INS cannot effectuate his removal violates his right to due process.

It is indisputable that the United States Constitution provides due process and equal proctection guarantees to aliens as well as citizens. De Sousa v. Reno, 190 F.3d 175, 184 (3d Cir.1999), citing, Yick Wo v. Hopkins, 118 U.S. 356 (1886).

As to due process it is undisputable that aliens have both substantive and procedural rights. Ngo v. INS, 192 F.3d 390, 396 (3d Cir.1999); citing, Landon v. Plasencia, 459 U.S. 21, 32-33(1982)

Accordingly, all due process violations must begin with a "careful description of the asserted right". Reno v. Flores, 507 U.S. 292, 302, 113 S.Ct. 1439, 123 L.2d. (1993). Petitioner contend that he has liberty interest, in being free from detention if the INS cannot effectuate his removal.

The Interim Procedure pursuant to the provision of 8 C.F.R. § 241.4 No.6 clearly states that "the fact that an alien has a criminal history does not create a presumption in favor of continued detention". This reasoning is also supported by the Third Circuit Court of Appeals holding in Ngo, supra, and United States District Court, Middle District of Pennsylvania decision in Sombat Map Kay v. Reno, No. Civ. A 1: CV-99-02551 (M.D.Pa. April 18,2000), and Ma v. Reno, 56 F. Supp. 2d 1165 (W.D.Wash. Feb 14, 2000.

Clearly in the case at bar the INS deportation officer decisions based on presumptions that petitioner pose a flight risk. The INS have used the same reasons to deny petitioner release, in light of the admonition in Ngo, 192 F.3d at 398, and Bouayad, 74 F. Supp. 2d at 477, that " grudging and perfunctory review in not enough to satisfy the due process right to Liberty, even for aliens aliens".

It is apparent that it is not the intention of the INS to release petitioner from continued detention, inasmuch as they continue to use the same reasons to deny petitioner release from custody. petitioner cannot erase his past history, therefore, so long as the INS rely on his past history to determine his custody review petitioner will remain in detention indefinitely.

The INS have used superficial and arbitrary process to review petitioner based on the interview's preference or convenience rather that the intrinsic nature of the interim procedures. The INS only conducted the review simply to satisfy the court's order and summarily concluded that petitioner poses flight risk.

In **Phan v. Reno, 56 F. supp. 2d 1149 (W.D.Wash. 1999)** the court requested that detainees receive a hearing before an immigration judge with a right to appeal to the Board of Immigration Appeals. The plan court noted its dissatisfaction with the earlier INS review procedures. The same analysis apply to the case at bar, the INS used cursory procedures to review petitioner and then concluded that petitioner pose a threat to the community and a flight risk, without any subjective backing. Accordingly, such a review process "heightened, substantive due process scrutiny". **Phan, 56 F.supp.2d at 1155.**

The absence of any individualized assessment or consideration of the pertinent factors setforth in regulation violates petitioner's procedural due process rights. At a minimum petitioner is entitled to a fair hearing before an immigration judge at which he can present evidence to support his release as set forth at **8 C.F.R. § 241.4.**

Pursuant to the Interim Regulations Previously enunciated, "a decision to detain will clearly delineate the factor presented by the alien in support of his release, and the reasons for the district director's decision." The regulation is clear and easy to understand, however, to the contrary, the INS failed to delineate, in its decisions to continue detaining petitioner, or even state the factors that petitioner presented in support of his release or parole. The exclusion of those factors should be considered to be a deliberate act of suppression evidence, and thus, unjustifiable.

There is substantial support in case law that the duration of detention can affect whether detention is excessive in relation to the government's legitimate purpose. An example comes from **Salerno, 481 U.S. 748.** Although **Salerno,** dealth with the bail Reform Act, the Supreme Court stated that "[W]e intimate no view as to the point at which detention in a particular case might become excessively prolonged, and therefore punitive, in relation to Congress' regulatory gold." **Salerno, 481 U.S. at 748 N.4.**

Similarly, the third Circuit intimated that, even in pretrial detention, length of duration matters in some cases evaluated against the background of duration of pretrial incarceration and the causes of that duration, may no longer justify detention. **United States v. Accetturo, 783 F.2d 382, 388 (3rd Cir. 1986)**(Emphasis added).

Under such principles the court in **Nguyen v. Fasano, 84 F.supp. 2d (S.D.Cal.2000),** held that "after some length of time in custody, where deportation is not reasonably foreseeable, a petitioner's liberty surpasses the INS's diminished interest in ensuring deportation, and detention becomes punitive in relation to the INS's regulatory goalds". Id. at 1113; **Accord Hermanouski v. Farquharson, 89 F.supp. 2d 1356 (N.D.Ga.2000)** (Same).

In the case at bar petitioner's liberty interest is considered hightened because the INS cannot effectuate his removal, thus, his continued detention is a restraint which violates due process which the Supreme Court has repeatedly ranked high among the interests of the individual. **Hamaya, 797 F.supp at191** (quoting at 250)(an alien's liberty interest even in what may be a limited period of parole prior to exclusion in among the highest order of individual rights.)

-5-

## CONCLUSION

Wherefore, for the reasons stated herein petitioner Gladwin Wilson, respectfully request this honorable court to issue an appropriate order commanding the INS to review petitioner in accordance with the third circuit Court of Appearl holding in **Ngo, supra,** and release petitioner, or bring him before an immigration judge for an individualized evaluation to demonstrate that he is not a flight risk or a threat to the community, and to release him from custody on bond upon reasonable conditions, and for any and all other relief in the premise.

DATE 12/11/00

RESPECTFULLY SUBMITTED

*Gladwin Wilson*
Gladwin Wilson
Register # 9900345
Snyder County Prison
600 Old Colony Road
Selinsgrove, Pa 17870

-6-

**CERTIFICATE OF SERVICE**

This is to certify a true and correct copy of the foregoing has been furnished upon the office of the United States District Court 228 Walnut Street P.O. Box 983. By plcing same in the United States mail, postage prepaid on this _11th_ day of Dec. 2000.

Respectfully Submitted

*Gladwin Wilson*
Gladwin Wilson
Register # 9900345
Snyder County Prison
600 Old Colony Road
Selinsgrove, Pa 17870