

JUDGE'S COPY

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLADWIN WILSON, | : | |
| Petitioner, | : | 1:CV-01-0037 |
| v. | : | (Judge caldwell) |
| JANET RENO, ATTORNEY GENERAL, | : | |
| Respondent | : | |

FILED
HARRISBURG, PA

MAY 24 2001

MARY E. D'ANDREA, C[lerk]
Per _____ Deputy Clerk

### PETITIONER's RESPONSE TO THE GOVERNMENT's ANSWER

COME NOW, Petitioner Gladwin Wilson, pro se, and submits this rebuttal to the government's answer.

The court is familiar with the factual background of the case at bar, thus, petitioner need not reiterate them. However, aver herein position and respectfully ask this Honorable Court to construe this brief liberally as enunciated in **Haines v. Kerner**, 404 U.S. 519 (1972).

### ARGUMENT

Petitioner reaffirm that his continued detention by the Immigration and naturalization Service is violative of his rights to due process and to the rights guaranteed petitioner by the first ten Amendments to the United States constitution, and all other rights not herein before enumerated, and that his detention manifested a failure of justice.

The issue before this Honorable court is that the Immigration and naturalization Service denied petitioner released from custody after an initial coustody review interview in accordance to Section 8 C.F.R. 241.4 (Transitional preiodic

-1-

interview after the expiration of 90 days following removal order and every six months thereafter) alleging sorely that petitioner "posed a flight risk" and without any material evidence in support of the allegation.

The government in its response seek a tactical means to circumvent the issue before this Honorable court, by raising yet another issue which is not a part and parcel of petitioner claim alleging again that, petitioner is denied release from custody because QUOTE "Petitioner refuse to accept responsibility of his past crime and does not appear to be credible"UNQUOTE. Again without presenting to this Honorable court any material evidence, such as transcript of the tape; recorded during the interview; if any, another evidence that there is no fact to the alleged issue now raised by the government in its response.

Courts are required to adhere to prudent course of looking to the concrete facts to determine what right is at issue.

The fact to the matter is that on February, 12/2001, Petitioner was again interviewed after Six months thereafter the first interview which occured on August, 10/2000, and was questioned among others, concerning his acceptance of responsibility to his past crime. In response petitioner clearly and remorsefully stated before the Immigration officer David O'Neill, conducting the interview and before petitioner families, present at the interview, that he (Petitioner) accepted all responsibility to his past crime now, and before Magistrate Judge Marilyn D. on July 14,1997, during his guilty plea. And was given adjustment for acceptance of responsibility: The petitioner pleaded guilty and admitted his involvement in the offense. SEE EX"A Line 23.

-2-

In addition to the above stated by the petitioner before the Immigration officer and for the record of this Honorable court, Petitioner again state and declare. "That he feel remorseful for his past crime and accepted his responsibility".

The Immigration and naturalization Service has failed in its effort to obtain travel document to deport petitioner, therefore, violating the standard set forth in **Ngo v. INS, 192 F.3d 390 (3rd Cir. 1999).**

## CONCLUSION

Wherefore, for the reasons stated herein petitioner Gladwin Wilson, respectfully request this Honorable Court to issue an appropriate order based on the petetioner's claim presented before this honorable court including an order that petitioner be release from custody on supervise release or any other reasonable conditions, and for any and all other relief in the premise, without subjecting him to any further detention.

Respectfully submitted

*Gladwin Wilson*
Gladwin wilson
register NO. 9900345
Snyder County Prison
600 Old Colony Rd.
Selinsgrove, Pa 17870

-3-

6

### Adjustment for Acceptance of Responsibility

15. The probation officer asked no questions about the instant offense, since defense counsel allowed the presentence interview to be conducted on the condition that no such questions be asked.

### Offense Level Computation

16. Base Offense Level: The guideline for an 18 USC 371 offense is Guideline 2X1.1(a), which directs that the base offense level be derived from the guideline for the substantive offense (a violation of 18 USC 513(a)), plus any adjustments from such guideline. The guideline for an 18 USC 513(a) offense is Guideline 2F1.1(a), which provides a base offense level of 6.   ~~4~~ 6

17. Specific Offense Characteristics: The offense involved the intended loss of $164,000. Per Guideline 2F1.1(b)(1)(H), the offense level is increased by 7 levels.   7

18. The offense involved more than minimal planning as defined in Application Note 1(f) of Guideline 1B1.1. Per Guideline 2F1.1(b)(2)(A), the offense level is increased by 2 levels.   2

19. Adjustment for Role in the Offense: None.   0

20. Victim Related Adjustment: None.   0

21. Adjustment for Obstruction of Justice: None.   0

22. Adjusted Offense Level (Subtotal):   13

23. Adjustment for Acceptance of Responsibility: The defendant pleaded guilty and admitted his involvement in the offense. Per Guideline 3E1.1(a), the offense level is reduced by 2 levels.   -2

24. **Total Offense Level**   ~~11~~ 13

### PART B. THE DEFENDANT'S CRIMINAL HISTORY

#### Convictions/Adjudications

25. None.

#### Criminal History Computation

26. Since the defendant has no criminal convictions apart from the instant offense, his criminal history category is I.

## CERTIFICATE OF SERVICE

case name Gladwin Wilson and numbers : are 1:CV-01-0037 vs. immigration and naturalization Service.

I hereby certify that on this 23rd day of May, 2001, Icause to be served:

copy of this brief for the above caption by placing thereof in a sealed envelope, with postage thereon fully prepaid and causing the same to be mailed by first class mail to the person set forth below.

to CLERK'S OF COURT
   UNITED STATES DISTRICT COURT
   228 WALNUT STREET
   P.O. BOX 983
   HARRISBURG, PA 17108